**SEALED**

**Office of the United States Attorney**
District of Nevada
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-6336

DANIEL G. BOGDEN
United States Attorney
DANIEL R. SCHIESS
Assistant United States Attorney
333 Las Vegas Boulevard, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD J. HOLMES,<br><br>Defendant. | SEALED<br><br>Case No. 2:13-CR-192<br><br>**CRIMINAL INDICTMENT**<br><br>Conspiracy, 18 U.S.C. § 1349<br>Bank Fraud, 18 U.S.C. § 1344 |

**COUNT ONE**
**Conspiracy to Commit Mail Fraud,**
**Wire Fraud, and Bank Fraud**

1.     From in or about 2006, to in or about 2009, in the State and Federal District of Nevada and elsewhere,

**RONALD J. HOLMES,**

defendant herein, did knowingly and willfully combine, conspire, and agree with others known and unknown to the grand jury to commit mail fraud, wire fraud and bank fraud, in violation of Title 18, United States Code, Sections 1341, 1343 and 1344, respectively.



## The Objective of the Conspiracy

2. The objectives of the conspiracy was for the defendant and his coconspirators to obtain mortgage loans by fraudulent means to buy houses, to use some of the loan proceeds for themselves, in some instances to live in the houses, and in one instance file bankruptcy petitions to forestall foreclosure on one house so the defendant could continue to live in it.

## Manner and Means

3. The defendant and his coconspirators accomplished the objectives of the conspiracy by devising and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

4. It was part of the scheme that the defendant and his coconspirators in some instances recruited people to be straw buyers and in other instances created straw buyers by using someone else's identity. A straw buyer is a person in whose name coconspirators buy a house and submit a fraudulent loan application to a lender to obtain a mortgage for the purchase of the house.

5. It was further part of the scheme that the defendant and his coconspirators made and caused to be made materially false and fraudulent statements in the straw buyers' loan applications and related documents regarding the straw buyers' employment, income, assets, intent to occupy the property, roles as buyers, and other facts, and submitted and caused to be submitted the applications and supporting documents to lenders.

6. Some of the false statements that the defendant made and caused to be made in furtherance of the scheme include the following: (1) genuine people were the buying houses when the defendant then and there well knew that the buyers were straw buyers; (2) a straw buyer signed loan documents when the defendant signed the documents in the straw buyer's name so the defendant could live in one of the houses; and (3) straw buyers worked for the

defendant's company when the defendant then and there well knew they did not work for his company.

7. It was further part of the scheme that the defendant caused lenders to make loans to the straw buyers based on the materially false and fraudulent statements.

8. It was further part of the scheme that the defendant and his coconspirators caused escrows for the transactions to close and loan proceeds to be disbursed to coconspirators.

9. It was further part of the scheme that the defendant lived in two of the houses until lenders foreclosed on the houses because the defendant made few, if any, mortgage payments.

10. It was further part of the scheme that in or about 2007 and 2008, the defendant filed and caused to be filed bankruptcy petitions in the name of the straw buyer so the defendant could continue to live in the house.

11. In execution of the scheme, the defendant caused items to be mailed and sent by means of interstate wire communications. The wire communications include emails, facsimiles, and wire transfers of money.

12. Some of the lenders were federally insured.

13. Some of the properties used in the scheme and the names of the lenders and approximate dates of closings are set forth below.

| ADDRESS | CLOSING DATE | LENDER |
|---|---|---|
| 11335 Stella Cadente, Las Vegas, Nevada | 10/26/06 | Centralbanc Mortgage Corp. |
| 3787 Brittany Nicole, Las Vegas, Nevada | 9/27/07 | Citi Bank, N.A. |
| 3928 Sincerity Court, Las Vegas, Nevada | 8/27/08 | JPMorgan Chase Bank |

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### Bank Fraud

14. From in or about 2006, to in or about 2009, in the State and Federal District of Nevada and elsewhere,

**RONALD J. HOLMES,**

defendant herein, did devise and intend to devise a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control a financial institution by means of false and fraudulent pretenses, representations, and promises.

15. The allegations set forth in paragraphs 1-13 of this indictment are incorporated herein as if set forth in full.

16. On or about September 27, 2007, in the State and Federal District of Nevada, the defendant did knowingly execute and attempt to execute the scheme and artifice by submitting the false and fraudulent documents referred in paragraphs 1-13 to Citi Bank, N.A., a financial institution insured by the Federal Insurance Deposit Corporation, to obtain a

1 | mortgage for the purchase of a house located at 3787 Brittany Nicole, Las Vegas, Nevada, in
2 | violation of Title 18, United States Code, Section 1344.

### COUNT THREE
### Bank Fraud

17. From in or about 2006, to in or about 2009, in the State and Federal District of Nevada and elsewhere,

### RONALD J. HOLMES,

defendant herein, did devise and intend to devise a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control a financial institution by means of false and fraudulent pretenses, representations, and promises.

18. The allegations set forth in paragraphs 1-13 of this indictment are incorporated herein as if set forth in full.

19. On or about August 27, 2008, in the State and Federal District of Nevada, the defendant did knowingly execute and attempt to execute the scheme and artifice by submitting the false and fraudulent documents referred to in paragraphs 1-13 to JPMorgan Chase Bank N.A., a financial institution insured by the Federal Insurance Deposit Corporation, to obtain a mortgage for the purchase of a house located at 3928 Sincerity Court, Las Vegas, Nevada, in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION ONE
### (Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud)

1. The allegations contained in Count One of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the felony offense charged in Count One of this Criminal Indictment,

**RONALD J. HOLMES,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1341, 1343, and 1344, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1349, conspiracy to commit such offenses, an in personam criminal forfeiture money judgment of $2,516,800 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be divided without difficulty;

6

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $2,516,800 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1341, 1343, and 1344, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7) and 1961(1)(B); Title 18, United States Code, Section 1349; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
### (Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud)

1. The allegations contained in Count One of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the felony offense charged in Count One of this Criminal Indictment,

**RONALD J. HOLMES,**

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of violations of Title 18, United States Code, Sections 1341, 1343, and 1344, or Title 18, United States Code, Section 1349, conspiracy to violate such offenses, an in personam criminal forfeiture money judgment of $2,516,800 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty; it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $2,516,800 in United States Currency.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A), 1341, 1343, 1344, and 1349; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE
### (Bank fraud)

1. The allegations contained in Count Two of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the felony offense charged in Count Two of this Criminal Indictment,

**RONALD J. HOLMES,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1344, or a conspiracy to commit such offenses, an in personam criminal forfeiture money judgment of $1,139,800 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

8

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty; it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $1,139,800 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1344; and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION FOUR
### (Bank fraud)

1. The allegations contained in Count Two of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the felony offense charged in Count Two of this Criminal Indictment,

**RONALD J. HOLMES,**

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of violations of Title 18, United States Code, Section 1344, or a conspiracy to commit such offenses, an in personam criminal forfeiture money judgment of $1,139,800 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant -

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property that cannot be divided without difficulty; it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $1,139,800 in United States Currency.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 1344; and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION FIVE
### (Bank fraud)

1. The allegations contained in Count Three of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the felony offense charged in Count Three of this Criminal Indictment,

**RONALD J. HOLMES,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1344, or a conspiracy to commit such offenses, an in personam criminal forfeiture money judgment of $417,000 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty; it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $417,000 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1344; and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION SIX
### (Bank fraud)

1. The allegations contained in Count Three of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the felony offense charged in Count Three of this Criminal Indictment,

**RONALD J. HOLMES,**

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of violations of Title 18, United

States Code, Section 1344, or a conspiracy to commit such offenses, an in personam criminal forfeiture money judgment of $960,000 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant -

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty; it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an in personam criminal forfeiture money judgment of $960,000 in United States Currency.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 1344; and Title 21, United States Code, Section 853(p).

**DATED**: this 29TH day of May, 2013.

**A TRUE BILL:**

/s/
_____
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

DANIEL R. SCHIESS
Assistant United States Attorney