UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | CASE NO. 2:13-CR-192-LRH-GWF |
|---|---|---|
| Plaintiff, | ) | JUDGE LARRY R. HICKS' |
| vs. | ) | ORDER REGARDING TRIAL |
| RONALD J. HOLMES, | ) | |
| Defendant. | ) | |

1. Attached hereto is a list of the civil and criminal cases that are presently scheduled for the stacked trial calendar before Judge Larry R. Hicks at Las Vegas, Nevada, commencing on **Tuesday, November 19, 2013 at 9:00 a.m. in a Las Vegas Courtroom to be announced**.

2. Counsel for all parties and all pro se parties **shall appear telephonically** on **Thursday, November 7, 2013 at 9:00 a.m.** for Calendar Call. **The Telephonic Calendar Call shall be conducted via AT&T Operator in Reno Courtroom 3 before Judge Larry R. Hicks. Participants shall call AT&T Operator no later than 5 minutes prior to the hearing at 1(888) 273-3658 and provide Access Code 9260179 and Security Code 110713.** Unless a party in a civil case or a defendant in a criminal case is appearing pro se, the individual parties in civil cases and defendants in criminal cases will not be required to appear for Calendar Call unless the Court directs otherwise.

3. Counsel or their clients will be excused from Calendar Call if settlement papers have been filed in a civil case or a defendant's plea of guilty or nolo contendere has been accepted in a criminal case prior to the date scheduled for Calendar Call.

4. At the Calendar Call, all cases that remain to be tried will be ranked in order of trial. Thereafter, the Court will not grant a continuance to any party absent a showing of good cause. Unless the Court otherwise directs, the cases will be tried one after the other on **TWENTY-FOUR (24) HOURS** notice from the clerk.

/ / /

5. **CHANGE OF PLEA HEARINGS**. Hearings for the purpose of **change of plea** in criminal cases **will follow Calendar Call** unless otherwise set. It shall be the joint responsibility of counsel for Plaintiff United States and for Defendant to ensure that the **original plea agreement and two copies are delivered to Dionna Negrete, Courtroom Deputy Clerk, by 1:00 p.m. on the Court day prior to the date the plea of guilty or nolo contendere is to be taken**. It shall further be the responsibility of counsel for Plaintiff United States to ensure that any necessary produce orders are timely delivered to the United States Marshal to ensure the presence of all defendants who are in custody for change of plea, and to ensure proper notification for the attendance of any court interpreter who may be required for the particular case.

6. **PRETRIAL CONFERENCE**. At the request of any party, or at the direction of the Court, a Pretrial Conference may be scheduled for any case. Requests by the parties should be made to the Courtroom Deputy Clerk by no later than the afternoon before Calendar Call.

7. **WITNESSES**. Counsel, and any parties appearing pro se, shall immediately subpoena all witnesses for the time and trial date as listed above. Inasmuch as the cases will be tried in a trailing fashion, the subpoenas should contain a special instruction from counsel directing witnesses to contact the **office of counsel** for further instructions prior to appearing for trial.

8. **On or before Tuesday, the 12th day of November, 2013,** and to the extent they haven't already done so in accordance with the Court's Joint Pretrial Order, or other order, **COUNSEL FOR ALL PARTIES, AND ANY PARTY APPEARING PRO SE, SHALL COMPLY WITH THE FOLLOWING**:

   a. **EXHIBITS**. Shall supply the Courtroom Deputy Clerk with the <u>original</u> and <u>three</u> copies of a complete list of all exhibits intended to be used during the trial. At the same time, each party shall serve upon all other parties a copy of the same. Plaintiffs shall use numerals 1 through 500 and Defendants shall use numerals 501 through 1,000. Exhibits that are on the same subject matter may be marked as a series, that is, Plaintiffs 1-A, 1-B, etc. and Defendants 501-A, 501-B, etc. If a party's total documentary exhibits exceed 15, the party's exhibits are to be placed in a 3-ring binder with numbered dividers. The exhibits are to be listed on a form provided by the Clerk's Office, and may be computer-generated if they conform to the requirements of the form that

1   is provided by the clerk. Counsel shall retain possession of their exhibits until such time as they are

2   identified in open court; thereafter, the exhibits shall remain in the custody of the clerk unless

3   otherwise ordered.

4        b.     **MARKING EXHIBITS**. Shall meet, confer, pre-mark and exchange all trial

5   exhibits. Counsel shall notify the Court's contact person that the exhibits have been pre-marked.

6        c.     **WITNESS LISTS**. Shall file with the Courtroom Deputy Clerk a list of

7   witnesses expected to be called on behalf of each party for use by the Court during jury selection.

8        d.     **STATEMENT OF THE CASE**. Shall file with the Courtroom Deputy

9   Clerk a brief statement of the case, no longer than one-half page, stating the nature of the claims and

10  defenses, to be read to prospective jurors at the time of jury selection. In a criminal case, a copy of

11  the Indictment, indicating which portions should be read to the jury, will satisfy this requirement.

12       e.     **SUGGESTED VOIR DIRE QUESTIONS**: Shall submit to the Courtroom

13  Deputy Clerk an original and two (2) copies of all suggested voir dire questions to be asked of the

14  jury panel by the Court.

15       f.     **JURY INSTRUCTIONS - Criminal Cases**. Shall submit proposed jury

16  instructions to chambers on a 3.5" computer disk in Wordperfect or Word format or by email

17  addressed to elaine_muhlebach@nvd.uscourts.gov. The submitted jury instructions shall identify

18  all jury instructions upon which counsel have agreed and all jury instructions upon which they have

19  not agreed, together with a printed copy of each instruction annotated with the authority for each

20  instruction. Any modifications of instructions from statutory authority, the Ninth Circuit Manual

21  of Model Jury Instructions, or any other model instructions, must specifically state the modification

22  made to the original source and the authority supporting the modification.

23       g.     **JURY INSTRUCTIONS - Civil Cases**.     Shall submit proposed jury

24  instructions as follows:

25          (a)     The parties shall jointly submit one set of agreed upon instructions.
              To accomplish this, the parties shall serve their proposed instructions on each other
26         two weeks prior to trial. The parties shall then meet, confer, and submit to the court
              one complete set of agreed upon instructions.
27

28         (b)     If the parties cannot agree upon one complete set of instructions, they
              shall submit one set of those instructions that have been agreed upon, and each party
              shall submit a supplemental set of instructions that are not agreed upon.

(c)     No later than two (2) days before trial, each party shall file any objections to the non-agreed upon instructions proposed by the other party. All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety. The objection should specifically set forth the objectionable material in the proposed instruction. The objection shall contain citation to authority explaining why the instruction is improper and a concise statement of argument concerning the instruction. Where applicable, the objecting party shall submit an alternative instruction.

(d)     The parties shall submit the proposed joint set of instructions and proposed supplemental instructions in the following format:

(i)     there must be two (2) copies of each instruction;

(ii)     the first copy shall be annotated with the authority supporting the instruction;

(iii)     the second copy shall contain <u>only</u> the proposed instruction – there should be no other marks or writings on the second copy except for the words "Jury Instruction No. ___" in the bottom margin. (See Attachment 1, attached hereto.)

(e)     On the day of trial the parties may submit a concise argument in support of proposed instructions to which the other party objected.

(f)     All instructions should be short, concise, understandable, and <u>neutral</u> statements of law. Argumentative or formula instructions are improper, will not be given, and should not be submitted.

(g)     Any modifications of instructions from statutory authority, the Ninth Circuit Manual of Model Jury Instructions, or any other model instructions, must specifically state the modification made to the original source and the authority supporting the modification.

(h)     Counsel shall submit to the court, using Wordperfect or Word software, proposed jury instructions, either on:

(i)     3-1/2" diskette(s), or

(ii)     by email addressed to elaine_muhlebach@nvd.uscourts.gov

h.     **<u>CRIMINAL CASES:  TRIAL BRIEFS</u>**. The Government counsel shall submit a copy of the Government's trial brief (marked confidential) to the Courtroom Deputy Clerk for submission to the trial judge. The original of the Government's trial brief shall be filed in open Court and a copy served upon defense counsel on the date of trial prior to trial commencement. Defense counsel may file a trial brief. If defense counsel elects to file a trial brief, the same shall be filed and served upon Government counsel prior to the defense commencing its side of the case.

        i.     **CIVIL CASES: TRIAL BRIEFS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**.  Shall file a Trial Brief in all civil cases.  Trial briefs shall be served on all parties.  Additionally, in all civil cases to be tried before the Court sitting without a jury, the parties shall submit proposed Findings of Fact and Conclusions of Law to chambers.  The proposed Findings and Conclusions shall also be submitted on a 3.5" computer disk in Wordperfect or Word format or by email addressed to elaine_muhlebach@nvd.uscourts.gov.  Proposed Findings and Conclusions may be marked confidential and are not required to be served upon opposing counsel.

9. **USE OF EVIDENCE DISPLAY EQUIPMENT**: Counsel wishing to use the Court's evidence display equipment must contact the Courtroom Deputy Clerk during the week before trial to determine its capability and availability for use at trial.

10. **SANCTIONS**.  As provided for under the Local Rules of Practice of this Court, the Court will consider the imposition of sanctions against any attorney or party appearing pro se who (1) fails to timely comply with the provisions of this Order including, but not limited to, the failure to appear for Calendar Call without having been excused by the Court or the clerk with the permission of the Court; or (2) fails to timely comply with any other order that schedules deadlines for trial preparation.

11. **TRIAL JUDGE**.  Although the cases listed on the attached trial calendar are assigned to the undersigned, the cases may proceed to trial before another Nevada district judge or a visiting district judge.

12. **CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE**.  All parties in civil actions are reminded of their right, subject to the approval of the undersigned, to consent to trial before a United States Magistrate Judge pursuant to Title 28, United States Code, Section 636(c)(2).  The right to proceed before a magistrate judge in a civil case includes those cases which will be tried before a jury as well as those cases to be tried before the Court sitting without a jury.  Any appeal from a judgment resulting in a trial before a magistrate judge shall be taken directly to the United States Court of Appeals.

/ / /

1   13.   **CONTACT PERSON**.  All questions and information regarding the trial calendar are to be directed to DIONNA NEGRETE, Courtroom Deputy Clerk, at (775) 686-5829.

14.   The date of the Clerk's file mark shall constitute the date of this Order.

IT IS SO ORDERED.

       /s/
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

<u>ATTACHMENT 1</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you.

1. Questions and objections are not evidence. You should not be influenced by the court's ruling on them.

2. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. \_\_\_\_\_

**LAS VEGAS TRIAL CALENDAR FOR
THE HONORABLE LARRY R. HICKS
NOVEMBER 19, 2013**

_____

| | | |
|---|---|---|
| 2 | 2:13-cr-192-LRH-GWF | UNITED STATES OF AMERICA |
| | | v. |
| | JURY TRIAL | RONALD J. HOLMES |

COUNSEL FOR GOVERNMENT:      COUNSEL FOR DEFENDANT:
Daniel Schiess                              Michael L. Lipman, Retained, Pro Hac
                                                    Ryan A. Loosvelt, Retained, Local Counsel

_____