# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| RONALD J. HOLMES | Case Number: 2:13-CR-192-LRH-GWF |
| | USM Number: 17090-112 |

Date of Original Judgment: 3/31/14  
(Or Date of Last Amended Judgment)

Michael Lipman, Retained  
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

(X) Correction of sentence for Clerical Mistake (Fed. R. Crim. P. 36)  
Pursuant to Court's minutes dated 4/22/14.

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

(X) pleaded guilty to count 1 and the forfeiture allegations 1 and 2 in the Indictment filed 5/29/13

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ After a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. 1349 | Conspiracy to Commit Mail, Wire and Bank Fraud | 2009 | 1 |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

(X) Count(s) _2 and 3_ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

3/26/14  
Date of Imposition of Judgment

_signature_  
Signature of Judge

LARRY R. HICKS, U.S. DISTRICT JUDGE  
Name and Title of Judge

4/28/14  
Date

[FILED stamp: APR 29 2014, CLERK US DISTRICT COURT, DISTRICT OF NEVADA]

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment - Page 2 of 6

DEFENDANT: RONALD J. HOLMES
CASE NUMBER: 2:13-CR-192-LRH-GWF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **THIRTY SEVEN (37) MONTHS.**

(X) The court makes the following recommendations to the Bureau of Prisons:

**FCI MENDOTA, CA**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

(X) The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

(X) before 12 p.m. on **FRIDAY, 5/30/14**.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNTIED STATES MARSHAL

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

Judgment - Page __3__ of __6__

**DEFENDANT:**      RONALD J. HOLMES
**CASE NUMBER:**    2:13-CR-192-LRH-GWF

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **Three (3) YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

(X)   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

(X)   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

(X)   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment - Page 4 of 6

DEFENDANT: RONALD J. HOLMES
CASE NUMBER: 2:13-CR-192-LRH-GWF

# SPECIAL CONDITIONS OF SUPERVISION

1. <u>Possession of Weapon</u> - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. <u>Warrantless Search</u> - The defendant shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation office, or any other authorized person under the immediate and personal supervision of the probation office without a search warrant to ensure compliance with all conditions of release.

3. <u>Debt Obligations</u> - You shall be prohibited form incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. <u>Access to Financial Information</u> - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. <u>Employment Restriction</u> - You shall be restricted from engaging in employment, consulting, or any association with any real estate or mortgage business for a period of five years.

6. <u>Community Service</u> - The defendant shall complete ONE THOUSAND (1000) hours of community service, as approved and directed by the probation office.

7. <u>Report to Probation Office After Release from Custody</u> - The defendant shall report in person to the probation office in the District to which the defendant is released within 72 hours of release from custody.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____     _____
Defendant's signature                                    Date


_____     _____
Signature of the U.S. Probation Officer/Designated Witness     Date

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 5 - Criminal Monetary Penalties

Judgment - Page __5__ of __6__

DEFENDANT:         RONALD J. HOLMES
CASE NUMBER:       2:13-CR-192-LRH-GWF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ WAIVED | $ 1,668,586.00 |

☐   The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| CitiMortgage<br>1000 Technology Drive, MS 314<br>O'Fallon, Missouri 63368<br>Property: 3787 Brittany Nichol | | $822,800.00 | |
| DLJ Mortgage Capital, Inc.<br>3815 S. West Temple<br>Salt Lake City, Utah 84115<br>Property: 11335 Stella Cadente | | $442,750.00 | |
| Federal National Mortgage Association<br>13455 Noel Road #600<br>Dallas Texas 75240<br>Property: 3928 Sincerity | | $239,136.00 | |
| OneWest Bank<br>888 E. Walnut<br>Pasadena, California 91101<br>Property: 9765 Silver Harvest | | $163,900.00 | |

Clerk, U.S. District Court
Attn: Financial Office
Case No.  2:13-CR-192-LRH-GWF
333 Las Vegas Boulevard, South
Las Vegas, NV 89101

**TOTALS**        $_____        $ 1,668,586.00 _____

☐   Restitution amount ordered pursuant to plea agreement $ _____
☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to  18 U.S.C. § 3612(g).
☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
      ☐      the interest requirement is waived for the  ☐ fine  ☐ restitution.

      ☐      the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
    Sheet 6- Schedule of Payments

Judgment - Page __6__ of __6__

DEFENDANT:       RONALD J. HOLMES
CASE NUMBER:     2:13-CR-192-LRH-GWF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  (X)  Lump sum payment of $ 1,668,686.00 due immediately, balance due

    ☐   Not later than _____, or
    ☐   in accordance   ☐ C,   ☐ D,   ☐ E, or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  (X)  Special instructions regarding the payment of criminal monetary penalties:
**ANY UNPAID BALANCE SHALL BE PAID AT A MONTHLY RATE OF NOT LESS THAN 10 % OF ANY INCOME EARNED DURING INCARCERATION AND/OR GROSS INCOME WHILE ON SUPERVISION, SUBJECT TO ADJUSTMENT BY THE COURT BASED UPON ABILITY TO PAY.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

*(X)  The defendant shall forfeit the defendant's interest in the following property to the United States:
**SEE ATTACHED FORFEITURE ORDER**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



```
      FILED            RECEIVED
      ENTERED          SERVED ON
              COUNSEL/PARTIES OF RECORD

              MAR 3 1 2014

         CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY:                              DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:13-CR-192-LRH-(GWF) |
| | ) |
| RONALD J. HOLMES, | ) |
| | ) |
| Defendant. | ) |

### ORDER OF FORFEITURE

This Court found on December 19, 2013, that RONALD J. HOLMES shall pay the criminal forfeiture money judgment of $100,000.00 in United States Currency, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p). Criminal Indictment, ECF No. 1; Change of Plea, ECF No. 35; Plea Memorandum, ECF No. 36; Order of Forfeiture, ECF No. 40.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from RONALD J. HOLMES the criminal forfeiture money judgment in the amount of $100,000.00 in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Title 18,

. . .

. . .

. . .

. . .

1 | United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18,
2 | United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p).
3 | DATED this 31 day of March, 2014.

*Restitution shall be satisfied first. JM*

_____
UNITED STATES DISTRICT JUDGE